# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

    -vs-                                                Case No. 11-CR-191

**DEMETRIS CRUSE,**
**and DANIEL MCCLAIN,**

    Defendant.

## DECISION AND ORDER

Defendants Daniel McClain ("McClain") and Demetris Cruse ("Cruse") were found guilty by a jury of their peers on April 15, 2013 of conspiring to possess with intent to deliver at least five kilograms of cocaine. Both Cruse and McClain now motion the Court for a Judgment of Acquittal pursuant to Rule 29(c)(1) of the Federal Rules of Civil Procedure and in the alternative for a new trial pursuant to Rule 33(a).

In McClain's motions, he essentially challenges the sufficiency of the evidence that the jury had to consider. The Court finds the evidence to be more than sufficient to deny McClain's motion under Rule 29(c)(1). The seven co-conspirator witnesses called by the government, along with direct evidence to sustain the charges, survived a motion at the close of the evidence, and that same evidence sustains a challenge under Rule 29(c)(1). The seven co-conspirator witnesses were subject to intense cross examination by McClain's counsel and the substance of that examination still left the necessary inferences from which the jury—as determiners of the credibility of the

witnesses and the weight and credit to be given to the evidence—could conclude McClain's guilt.

The weight of the evidence also is dispositive of McClain's motion under Rule 33(a). That evidence clearly shows that the verdict rendered was not a miscarriage of justice.

Cruse's motion argues that the Court should have given the jury an instruction on the charge of simple possession as a lesser included offense. The Court denied the request at the instruction conference and for the same reason denies it as a basis for a Judgment of Acquittal. Simply, a mere possession charge is not a lesser included offense in a conspiracy charge. End of story.

Another basis for Cruse's motion is the same as raised by McClain; the evidence does not support the verdict. Because the seven co-conspirators' evidence and the direct evidence supporting that evidence was in large measure applicable to Cruse as well as McClain, as the two were involved in a longstanding conspiracy to distribute cocaine, Cruse's motion fails on the same grounds that McClain's failed; reasonable inferences could have been drawn from the evidence to sustain Cruse's guilt as to the conspiracy charge.

**IT IS HEREBY ORDERED THAT:**

Daniel McClain's Motion for Judgment of Acquittal or for a New Trial (ECF No. 242) is **DENIED**; and

Demetris Cruse's Motion for Judgment of Acquittal or for a New Trial (ECF No. 245) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of June, 2013.

                                          **BY THE COURT:**

                                          */s/ Rudolph T. Randa*
                                          **HON. RUDOLPH T. RANDA**
                                          **U.S. District Judge**